# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| THERESE VERONICA NATTY, | : | CIVIL ACTION NO. |
| Alien # 041363391, | : | 2:11-CV-00208-RWS-SSC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEP'T OF HOMELAND SECURITY, | : | FEDERAL TORT CLAIMS ACT |
| ARIEL RODRIGUEZ, | : | 28 U.S.C. § 1346 |
| ICE Officer, | : | |
| DENISE GAMBLE, | : | |
| Supervisor, et al., | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff, a federal detainee, has submitted this *pro se* action, seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675(a) ("FTCA"). (Doc. 1 at 1). The matter is now before the Court for an initial screening.

**I.   The Legal Framework**

**A.   28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual

AO 72A
(Rev.8/82)

allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950.

### B. FTCA Claims

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA "provides a limited waiver of sovereign immunity making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d

2

1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail," although an agency's failure "to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a).

## II. **Complaint and Response to Court's Order**

Plaintiff alleges in her complaint, docketed in this Court on August 9, 2011, that as a result of Defendants' actions she has lost possession of the vehicle that she was driving when she was taken into United States Immigration and Customs Enforcement (ICE) custody on December 10, 2010. (Doc. 1 at 3). Because it appeared that Plaintiff may not have exhausted her administrative remedies under the FTCA before filing this lawsuit, the Court ordered her to provide more information in that regard. [Doc. 4]. Plaintiff filed a response to that Order, stating that she filed an administrative tort claim on March 23, 2011. (Doc. 5 at 1-2). Plaintiff also submitted an April 7, 2011 letter from the United States Department of Justice concerning her claim. (Id. at 3). The letter explains that on March 23, 2011, the Department received Plaintiff's "administrative tort claim dated December 10, 2010," and that the Department was forwarding her claim to

3

its proper recipient, "the United States Immigration and Customs Enforcement (ICE), within the United States Department of Homeland Security." (Id.). According to Plaintiff, after she received the April 7, 2011 letter, she attempted to contact ICE on several occasions about her tort claim, but "the ICE officer just laugh[ed] at [her]" each time she asked ICE to locate her vehicle. (Id. at 1-2).

## III. Discussion and Conclusion

Before filing this lawsuit, Plaintiff was required to exhaust her administrative remedies with ICE, which she could do only by filing an administrative tort claim and either receiving a final response to that claim in writing or allowing six months to pass without receiving a response. See 28 U.S.C. § 2675(a). Plaintiff did neither. Her tort claim was mailed to ICE on or about April 7, 2011, and she filed this lawsuit four months later, on August 9, 2011, without having received a final response in writing from ICE. Using March 23, 2011 as the filing date for her administrative tort claim does not remedy the problem, as Plaintiff's lawsuit, filed on August 9, 2011, would still be premature by six weeks. Plaintiff was required to wait at least until September 23, 2011 before filing this FTCA action.

> Before instituting a federal suit [under the FTCA], the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

4

Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008).

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint [Doc. 1] be **DISMISSED** for lack of jurisdiction due to her failure to exhaust the FTCA administrative remedies before filing her complaint. See 28 U.S.C. § 2675(a); 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 26th day of January, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)